UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ANGELICA ALTAMIRANO,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendant. | No. ED CV 15-407-PLA<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on March 5, 2015, seeking review of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB"). The parties filed Consents to proceed before the undersigned Magistrate Judge on April 21, 2015, and April 23, 2015. Pursuant to the Court's Order, the parties filed a Joint Stipulation on November 12, 2015, that addresses their positions concerning the disputed issue in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## **BACKGROUND**

Plaintiff was born on April 11, 1966. [Administrative Record ("AR") at 135, 401.] She has past relevant work experience as a warehouse laborer and as a vinyl cutter. [AR at 58-59, 400.]

On May 26, 2009, plaintiff filed an application for a period of disability and DIB, alleging that she has been unable to work since September 8, 2008. [AR at 135, 391.] After her application was denied initially and upon reconsideration, plaintiff timely filed a request for a hearing before an Administrative Law Judge ("ALJ"). [AR at 11, 78-79.] A hearing was held on April 20, 2011, at which time plaintiff appeared represented by an attorney, and testified on her own behalf. [AR at 29-65.] A medical expert ("ME") and a vocational expert ("VE") also testified. [AR at 44-54, 57-64.] On May 20, 2011, the ALJ issued a decision concluding that plaintiff was not under a disability from September 8, 2008, the alleged onset date, through December 31, 2010, the date last insured. [AR at 11-23.] Plaintiff requested review of the ALJ's decision by the Appeals Council. [AR at 5.] When the Appeals Council denied plaintiff's request for review on August 27, 2012 [AR at 1-3], the ALJ's decision became the final decision of the Commissioner. See Sam v. Astrue, 550 F.3d 808, 810 (9th Cir. 2008) (per curiam) (citations omitted). Plaintiff then appealed that final decision by filing a complaint in this Court on November 14, 2012, in case number ED CV 12-1862. On July 24, 2013, judgment was entered remanding the matter to the Commissioner based on this Court's finding that none of the ALJ's eight cited reasons for rejecting plaintiff's credibility was clear and convincing. [AR at 452-64.] A new hearing was held before a different ALJ on September 24, 2014, at which time plaintiff appeared represented by an attorney, but did not testify.[1] [AR at 409-16.] On November 6, 2014, the ALJ issued a decision concluding that plaintiff was not under a disability from September 8, 2008, the alleged onset date, through December 31, 2010, the date last insured. [AR at 391-403.] On approximately January 6, 2015, the ALJ's November 6, 2014, decision became the final decision of the Commissioner. 20 C.F.R.

---

[1]  Plaintiff's counsel told the ALJ that he did not know "that having [plaintiff] testify four years after the [date last insured] is going to be real helpful when she's already done so [at the prior hearing in 2011]." [AR at 414.]

2

§§ 404.981, 422.210. This action followed.

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Berry v. Astrue, 622 F.3d 1228, 1231 (9th Cir. 2010) (citation omitted).

"Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1159 (9th Cir. 2008) (citation and internal quotation marks omitted); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (same). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) (citation omitted); see Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence.") (citation and internal quotation marks omitted). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." Ryan, 528 F.3d at 1198 (citation and internal quotation marks omitted); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, [the reviewing court] may not substitute [its] judgment for that of the ALJ.") (citation omitted).

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is

expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

### A.   THE FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995), as amended April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. Id. The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy. Id. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

/

**B.     THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period from September 8, 2008, the alleged onset date, through December 31, 2010, her date last insured. [AR at 393.] At step two, the ALJ concluded that, through the date last insured, plaintiff had the following severe impairments:

> [D]egenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine, status-post laminectomy; Sjogren's syndrome; fibromyalgia; status-post right carpal tunnel release; degenerative joint disease of the right knee; [and] benign bone cyst of the right femur.

[Id.] The ALJ found plaintiff's impairments of anemia and headaches to be non-severe. [AR at 394.] At step three, the ALJ determined that through the date last insured, plaintiff did not have an impairment or a combination of impairments that met or medically equaled any of the impairments in the Listings. [AR at 394-95.] The ALJ further found that through the date last insured, plaintiff retained the residual functional capacity ("RFC")[2] to perform less than the full range of light work as defined in 20 C.F.R. § 404.1567(b),[3] as follows:

> [T]he claimant could lift 20 pounds occasionally and 10 pounds frequently; the claimant could stand and/or walk for two hours out of an eight-hour workday; the claimant could sit for eight hours out of an eight-hour workday with normal breaks such as every two hours; the claimant could occasionally stoop, bend, and climb stairs, but she could not climb ladders, work at heights, or balance; concerning her right arm, the claimant was precluded from forceful gripping, grasping or twisting, but she could perform frequent fine manipulation such as keyboarding and gross manipulation such as opening drawers and carrying files; the claimant had no restrictions with her left hand; the claimant could perform occasional neck motions,

---

[2] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." Massachi v. Astrue, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007) (citation omitted).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

she could maintain a fixed head position for 15-40 minutes at a time on occasion, but she should avoid extremes of motions and she should hold her head at a comfortable position at other times; and the claimant should avoid exposure to concentrated extreme odors.

[AR at 395.] At step four, based on the evidence of record and the testimony of the VE at the prior hearing, the ALJ concluded that through the date last insured, plaintiff was unable to perform her past relevant work as a warehouse laborer or vinyl cutter. [AR at 400 (see also AR at 58-60).] At step five, based on plaintiff's RFC, vocational factors, and the VE's testimony at the prior hearing, the ALJ found that through her date last insured there were jobs existing in significant numbers in the national economy that plaintiff could perform, including work as an "electronics worker" (Dictionary of Occupational Titles ("DOT") No. 726.687-101), "office helper" (DOT No. 239.567-010), and "assembler small products" (DOT No. 706.684-022). [AR at 401-02 (see also AR at 60-61).] Accordingly, the ALJ determined that plaintiff was not disabled at any time from the alleged onset date of September 8, 2008, through December 31, 2010, her date last insured. [AR at 402.]

## V.
## THE ALJ'S DECISION

**A. PLAINTIFF'S CONTENTION**

Plaintiff contends that the ALJ erred when he failed to properly consider her subjective complaints and failed to properly assess her credibility as required by the Social Security rules and regulations, as well as Ninth Circuit case authority. [Joint Stipulation ("JS") at 6.]

As set forth below, the Court agrees with plaintiff and remands for payment of benefits.

**B. CREDIBILITY**

As summarized by the ALJ, plaintiff testified at her original hearing as follows:

[S]he was unable to continue working due to symptoms of fatigue, dizziness, and the inability to stand. She alleged she was unable to return to work due to constant headaches, difficulty concentrating, hand pain, anemia, and neck pain. She further stated she had right hand problems with more recent left hand pain and she had constant pain in her legs and low back. She also indicated her husband and son did

> most of the housework and she spent most of her day lying down in bed, reclining and walking around the house. However, she also said she occasionally washed dishes and cooked, and she was able to attend church services weekly. She claimed she frequently changed positions between standing and sitting, she took eight naps per day, fifteen minutes each, and she stated that lying down helped her relax away the pain.

[AR at 395-96.] The ALJ found plaintiff to be "partially credible." [Id.] Plaintiff contends that, for the second time, the ALJ failed to articulate legally sufficient reasons for rejecting plaintiff's subjective symptom testimony. [JS at 6-13.]

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. at 1036 (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Second, if the claimant meets the first test, the ALJ may reject the claimant's testimony about the severity of her symptoms "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). Factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014); 20 C.F.R. §§ 404.1529(c), 416.929(c).

Where, as here, plaintiff has presented evidence of an underlying impairment, and the ALJ did not find "affirmative evidence" of malingering[4] [see generally AR at 393-400], the ALJ's reasons for rejecting a claimant's credibility must be specific, clear and convincing. Burrell v. Colvin, 775 F.3d 1133, 1136 (9th Cir. 2014) (citing Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012));

---

[4] In fact, the ME testified at the 2011 hearing that there was no evidence in the record of malingering. [AR at 53.]

Brown-Hunter v. Colvin, __ F.3d __, 2015 WL 6684997, at *5 (9th Cir. Nov. 3, 2015). "General findings [regarding a claimant's credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Burrell, 725 F.3d at 1138 (quoting Lester, 81 F.3d at 834) (internal quotation marks omitted). The ALJ's findings "'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" Brown-Hunter, 2015 WL 6684997, at *5 (quoting Bunnell, 947 F.2d at 345-46). A "reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain." Bunnell, 947 F.2d at 346. As such, an "implicit" finding that a plaintiff's testimony is not credible is insufficient. Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (per curiam).

In this case, after summarizing plaintiff's subjective complaints as described above [AR at 395-96], the ALJ found plaintiff to be "partially credible because she has some limitations, but not to the extent she has alleged," as "the evidence submitted does not support the severity of symptoms alleged":

> While the evidence does consistently show the claimant has made pain complaints regarding her symptoms, her alleged functional limitations are not corroborated by the record. There is no indication of her allegedly severe inability to perform activities such as sitting and standing nor is there mention of her taking multiple naps throughout the day. For instance, despite her allegations of difficulty standing, treatment records consistently noted she had a normal gait. Moreover, while she acknowledged stopping work for reasons unrelated to her disability and stated that her symptoms worsened over time, the record does not show an increase in the severity of her impairments around the alleged onset date. She was seen by specialists, such as Dr. Gary Pang and Dr. Raja Ohalla, around that time, but their examinations found normal gait and essentially normal neurologic findings with negative straight leg raising. The claimant had neck complaints, which was supported by the record discussed below, but this was considered in the residual functional capacity herein. However, the discrepancies between the allegations and medical evidence diminish the persuasiveness of the claimant's subjective complaints and the alleged functional limitations.
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

[AR at 396 (citations omitted).] The ALJ then summarized the medical evidence of record [AR at

396-400] and concluded:

> The claimant has significant symptoms from her multiple medically determinable impairments and consideration is given to those symptoms in the limited light limitations adopted herein. These limitations take into consideration the claimant's subjective complaints, medications, and the actual clinical and diagnostic findings.

[AR at 400.]

Plaintiff contends that the ALJ solely -- and improperly -- relied on his own opinion that the objective medical evidence does not support plaintiff's subjective complaints to discredit her testimony. [JS at 12.] She argues that, to the contrary, her subjective complaints are supported by the testimony of the ME at the first hearing who indicated that plaintiff "was indeed suffering from multiple objectively verifiable severe impairments for which she had received both conservative and aggressive forms of treatment and that these forms of treatment are typical for someone who is suffering from significant levels of pain." [JS at 13 (citing AR at 49-54).]

Defendant contends that plaintiff ignores the fact that the ALJ found plaintiff "partially credible." [JS at 13 (citing AR at 396).] Defendant admits that the ALJ is required to make specific credibility findings [JS at 14], but states that "in this joint stipulation, Plaintiff's contention relies only on her own allegations, without directing the Court to objective evidence to support her alleged limitations. The ALJ provided a valid basis for finding Plaintiff not fully credible and his reasons were supported by substantial evidence." [AR at 15.] Defendant submits that the ALJ was entitled to rely on the lack of objective medical evidence to support plaintiff's subjective allegations [JS at 15 n.1], and that the ALJ gave plaintiff the "benefit of the doubt" when he found that plaintiff was more limited than shown by the examination of the consultative orthopedist, and the State agency physicians, and when he gave more weight to the more restrictive limitations assessed by the ME. [JS at 15-16 (citations omitted).]

The absence of objective medical evidence to support a plaintiff's subjective complaints is a factor that an ALJ can consider in evaluating symptom testimony -- but it cannot be the only factor. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (finding that while medical evidence alone cannot discredit testimony as to pain, it is one factor that the ALJ is permitted to consider); Bunnell, 947 F.2d at 345 (once claimant produced objective medical evidence of an

9

1 underlying impairment, an adjudicator may not reject claimant's subjective complaints "based
2 solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain").
3 Here, in discounting plaintiff's subjective symptom allegations, the ALJ relied solely on the "fact"
4 that plaintiff's "alleged functional limitations" were "not corroborated by the record," specifically
5 mentioning that there are no records reflecting plaintiff's alleged inability to sit or stand, the fact
6 that she takes nap multiple times throughout the day, or that there was an increase in the severity
7 of her impairments around the alleged onset date. [AR at 396 (but see, e.g., AR at 334 (on
8 January 18, 2008, plaintiff reported fatigue, dizziness), 338 (same reported on February 1, 2008)).]
9 This was error. Additionally, although the ALJ attempts to contrast plaintiff's alleged difficulty
10 standing with the fact that "treatment records consistently noted she had a normal gait" [id.], the
11 Court finds this reasoning unpersuasive, as defendant has not shown that "standing" for some
12 period of time is functionally equivalent to "ambulating," with or without a normal gait. As noted
13 by plaintiff, plaintiff "has had virtually all forms of treatment for pain including prescriptive pain
14 medication, pain management, injections, epidurals, and surgery," her treatment has consisted
15 of both conservative and aggressive forms of treatment, and it is "evident from the record that
16 these multiple forms of treatment have yet to provide any lasting benefit" to plaintiff. [JS at 8-9.]
17 Plaintiff contends -- and the Court agrees -- that the ALJ "has set forth no inconsistent statements
18 on the part of Plaintiff nor any suggestion that she is inappropriately magnifying her symptoms in
19 any way." [JS at 12.] The ALJ merely recites the medical evidence in support of his RFC
20 determination without identifying which medical evidence specifically discredits which symptom
21 testimony. [AR at 396-98.] This too is legal error. Brown-Hunter, 2015 WL 6684997, at *6 (ALJ's
22 failure to identify which testimony she found not credible, and to explain which evidence
23 contradicted that testimony, fell short of meeting the ALJ's responsibility to provide the reason or
24 reasons upon which her adverse determination was based) (citations omitted).

25 Thus, even if the ALJ's finding that plaintiff's subjective complaints concerning her
26 functional limitations were not corroborated by the objective medical evidence was a specific, clear
27 and convincing reason for discounting plaintiff's allegations -- which the Court does not find --
28 because this reason by itself cannot be the sole legally sufficient reason for discounting plaintiff's

credibility, the ALJ's credibility determination -- which provides no other clear and convincing reason to discount plaintiff's credibility -- is not legally sufficient. Rollins, 261 F.3d at 857.

Remand is warranted.

## VI.

## **REMAND FOR PAYMENT OF BENEFITS**

Plaintiff argues that the Court should vacate the final decision of the Commissioner and remand this matter for the immediate payment of benefits. [JS at 18.] She contends that if her subjective statements are credited as true, "there can be but one outcome in this case. . . given the testimony of the vocational expert at the first hearing in this matter that an individual requiring 4 hours of unscheduled work breaks per week would not be capable of performing any employment." [Id. (citing AR at 63).]

As noted by the Ninth Circuit in Brown-Hunter, a remand for an immediate award of benefits is appropriate only in rare circumstances. Brown-Hunter, 2015 WL 6684997, at *7. Before ordering that remedy, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion (id. (citing Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014)); (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose (id. (citing Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014), for the proposition that this requirement will not be satisfied if the record raises crucial questions as to the extent of a claimant's impairment given inconsistencies between her testimony and the medical evidence in the record, because these are exactly the sort of issues that should be remanded to the agency for further proceedings)); and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. Id. (citing Garrison, 759 F.3d at 1021). Even if all three requirements are met, the Court retains flexibility in determining the appropriate remedy. Id. (citation omitted). For instance, the Court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the

meaning of the Social Security Act." Id. (citing Garrison, 759 F.3d at 1021).

In this case, the Commissioner has twice failed to provide legally sufficient reasons for rejecting plaintiff's subjective symptom testimony -- even after being given a second chance to properly consider the only issue raised by plaintiff in this Court in both cases -- her credibility. Thus, the first Brown-Hunter requirement is met. Next, both ALJs who considered this issue relied on plaintiff's original hearing testimony and the record evidence relating to the period between her alleged onset date and her date last insured (now almost five years in the past) -- and both failed to provide specific, clear and convincing reasons to discredit plaintiff's subjective symptom testimony. There would simply be nothing new to consider if the Court were to order yet another remand for consideration of this issue. Thus, the Court sees no purpose in returning the case to the Commissioner to make a third determination, based on the same evidence previously considered, as to whether plaintiff's subjective complaints should be credited or rejected. "Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." Benecke, 379 F.3d at 595; see also Varney v. Sec'y of Health and Human Servs., 859 F.2d 1396, 1399 (9th Cir. 1988) ("Certainly there may exist valid grounds on which to discredit a claimant's pain testimony . . . . But if grounds for such a finding exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision.") (emphasis added) (citation omitted). Plaintiff has already waited more than six years for a disability determination. Benecke, 379 F.3d at 595 ("Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand.") (quotation marks and citation omitted). Under these circumstances, the Court is persuaded that "remanding for further administrative proceedings would serve no useful purpose and would unnecessarily extend [plaintiff's] long wait for benefits." Id. Thus, the second Brown-Hunter requirement is met. Finally, the VE testified that if a claimant was either "off-task 20 percent of the time due to fatigue and pain," or "absent three or more days a month due to pain and fatigue"; or needed to alternate positions as often as every 10 to 15 minutes on some days; or required up to four hours of unscheduled breaks during a

workweek on a regular basis, there would be no work that individual could do. [AR at 61-63.] As these limitations reflect plaintiff's subjective symptom testimony that she spends at least two hours a day reclining, and some additional portion of the day lying down in bed; attends church but alternates sitting and standing during the service; takes approximately eight 15-minute naps each day; and experiences constant neck pain, constant severe headaches, and constant pain in her legs and lower back [see AR at 35-44, 55-57; see also AR at 152, 179, 182, 189, 192, 194], if credited as true, the ALJ would be required to find plaintiff disabled on remand and the third Brown-Hunter requirement is also met.

Based on the foregoing, the Court finds that this is one of those rare circumstances where a remand for an immediate award of benefits is appropriate.

## VII.

## CONCLUSION

**IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for the award of benefits.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED:  November 19, 2015

                                             PAUL L. ABRAMS
                               UNITED STATES MAGISTRATE JUDGE